HOOD, Judge.
Mr. and Mrs. Frank Papania instituted this suit primarily to recover from Aetna Casualty and Surety Company, one of the two defendants in this proceeding, the proceeds of a fire insurance policy issued by that defendant. Alternatively, they seek to recover damages from the other defendant, Glatt Agency, Inc., on the ground that Glatt failed to obtain fire insurance coverage for plaintiffs after the Aetna policy was cancelled and before the fire loss occurred.
Upon motion of Aetna, and after a hearing, a summary judgment was rendered by the trial court rejecting plaintiffs’ demands against Aetna and dismissing the suit as to that defendant. Plaintiffs have appealed.
The issue to be resolved is whether a policy of fire insurance, previously issued by Aetna to plaintiffs, had been effectively cancelled before the fire loss occurred.
On January 24, 1970, Aetna issued an insurance policy to plaintiff, Frank Papania, insuring the latter’s building and contents, located in Lake Charles, against loss by fire up to the maximum amount of $15,-000.00. The policy was issued for a three year term, but it contained the following provision:
“This policy may be cancelled at any time by this Company by giving to the insured a five days’ written notice of cancellation with or without tender of the excess of paid premium above the *856 pro rata premium for the expired time, which excess, if not tendered, shall be refunded on demand. Notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.”
On March 13, 1970, the insurer, Aetna, sent to the insured, Frank Papania, a formal notice that the above mentioned fire insurance policy was being cancelled, effective “IS days after receipt of this notice by you.” Also on that date, the same notice was sent to Mrs. T. R. Gormly, the loss-payee named in the policy. Both of these notices were sent by certified mail, and the return receipts show that the insured, Frank Papania, received the notice of cancellation on March 17, 1970, and that the loss-payee, Mrs. T. R. Gormly, received a copy of the same notice on March 16, 1970.
The insured building was damaged by fire on June IS, 1970. Plaintiffs made demand on Aetna for payment of the proceeds of the policy, but the demand was rejected by Aetna on the ground that the policy had been cancelled more than six weeks before the fire loss occurred. This suit was filed on November 9, 1970.
There is no genuine issue as to any of the above stated facts.
Plaintiffs contend that the notices of cancellation sent by Aetna on March 13, 1970, did not have the effect of cancelling the policy, because the notices did not conform to the requirements of the insurance contract or of the provisions of LSA-R.S. 22:691(F). They argue that the policy was still in effect when the fire loss occurred, that the loss exceeded the coverage provided by the policy, and that they thus are entitled to recover from Aetna the full amount of the policy, plus penalties and attorney’s fees. The trial judge held that the notices sent by Aetna had the effect of cancelling the policy before the insured premises were damaged by fire.
LSA-R.S. 22 .-691(F) sets out the form required for the standard fire insurance policy of the State of Louisiana. One of the required provisions of such a policy is that the policy may be cancelled by the Company (the insurer) by giving to the insured a five days’ written notice of cancellation. In the event the policy is cancelled by the insurer, the statute requires that "notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.”
The policy which is at issue here contains provisions relating to the cancellation of the policy which are identical to those required by the statute. As we have already noted, the policy also provides that in the event the insurer cancels the policy “notice of cancellation shall state that said excess premium (if not tendered) will be refunded on demand.”
The notice of cancellation which Aetna sent to the insured and to the loss-payee contained the following statement relating to the refund of excess premiums: “If premium has been paid, the unearned premium will be refunded promptly.”
Plaintiffs contend that the notices of cancellation sent by Aetna are fatally defective because they did not contain the language required by the policy and by the above cited statute. They point out that in the notices of cancellation the words “unearned premium” were used instead of “excess premium,” and that the word “promptly” was used instead of “on demand.” The case of Pellets, Inc. v. Millers Mutual Fire Insurance Company, 241 So.2d 550 (La. App. 2 Cir. 1970) is cited as authority for the argument that the requirements of LSA-R.S. 22:691(F) are mandatory, and that the notices were defective.
We distinguish the cited case from the instant suit. In Pellets the notice of cancellation was given by a relatively brief telegram in which there was no mention at all of the refund of excess or unearned premiums. The court held that the requirements of LSA-R.S. 22:691(F) relating to the notice are mandatory and that the notice of cancellation given there did *857 not have the effect of cancelling the policy. The court did not rule that a notice of cancellation, in order to be valid, had to contain the exact words which are set out in the statute. The Pellets case thus may serve as authority for holding that a notice of cancellation which does not contain any statement at all relating to the refund of excess premiums is invalid and ineffective. It, however, is not authority for the argument advanced here that the notice of cancellation is fatally defective if it does not contain the exact words which are used in the statute, even though the required information relating to the refund of unearned premiums is clearly conveyed to the insured by using slightly different language.
The case of F & H Catering Service v. United States Fidelity & Guaranty Company, 249 La. 667, 190 So.2d 91 (1966), involved the application of LSA-R.S. 22:636(D), which provides in effect that upon cancellation of the policy the unearned premium “must be actually paid to the insured” or it must be mailed to the insured “as soon as practicable following such cancellation.” That statute thus is similar, in purpose at least, to the one which is involved in the instant suit. Our Supreme Court observed that the statute, although mandatory, did not expressly or impliedly indicate that the notice of cancellation would be invalid if the insurer failed to make the refunds therein required. The court then, refusing to apply the statute technically, held that the failure of the insurer to pay the amount of the unearned premium to the insured, either before or after sending the notice of cancellation, did not invalidate that notice or extend the life of the policy. We believe that the facts in the instant suit are more favorable to the defendant insurer than they were in the F & H Catering Service case, and that it would be inconsistent with the holding in that case to apply LSA-R.S. 22:691(F) as rigidly and as technically as plaintiffs feel it should be applied here.
Plaintiffs contend that they were prejudiced by Aetna’s failure to include the words “on demand” in the notice of cancellation. They argue that if they had been given that information, they would have been able to demand and receive the refund within the 15 day period allowed in the notice, and then with those funds they could have obtained fire insurance coverage through another insurer before the loss occurred. We find no merit to that argument. The notice which was sent by Aet-na informed plaintiffs, in substance, that they were entitled to the refund and that it would be paid promptly. No useful purpose would have been served by adding to the notice a statement that the insured could ask for or demand such a refund. Plaintiffs thus were not prejudiced by the failure to include those words in the notice.
Plaintiffs point out that after the notice of cancellation had been received by Mr. Papania, his wife attempted to pay past due premiums on the policy, although they apparently concede that Aetna did not accept the payment and it did not reinstate the, policy. They contend that after the notice was sent and before the fire loss occurred, Aetna sent the refund of unearned premiums to the local insurance agency, Glatt, through which agency this policy and several others had been issued to Pa-pania, and that that agency did not promptly pay that money to plaintiffs or credit the refund to plaintiffs’ indebtedness to the agency for other premiums. Plaintiffs argue that these asserted facts are material, and that plaintiffs thus are entitled to have the summary judgment reversed and the case remanded for trial on its merits. In our opinion, none of these facts would be material to the issues presented here, and we thus find no merit to plaintiffs’ argument.
Our conclusion is that the notices of cancellation which Aetna sent to the insured and to the loss-payee on March 13, 1970, were valid, and that the policy on which this suit is based was terminated as of April 1, 1970. The policy thus was not in effect when the fire loss occurred, and *858 there is no error in the trial court’s summary judgment dismissing the suit as to Aetna.
The judgment appealed from is affirmed. The costs of this appeal are assessed to plaintiffs-appellants.
Affirmed.